UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Carlos Laperry Smith,<br><br>   Plaintiff<br><br>v.<br><br>Jaime Sanchez, et al.,<br><br>   Defendants | Case No. 2:24-cv-00756-CDS-DJA<br><br>**Order Granting Defendant's Unopposed Motion for Partial Summary Judgment**<br><br>[ECF No. 16] |

  Plaintiff Carlos Laperry Smith brings a negligence action against defendants Jaime Sanchez and Old Dominion Freight Line. *See* Compl., ECF No. 1-2. Old Dominion filed a motion for partial summary judgment as to the negligent and reckless hiring, training, supervision, and retention, and negligent and reckless entrustment claims. *See* Partial mot. summ. j. ECF No. 16. Responses to the motion were due by July 4, 2025, and no response was filed, so the motion is unopposed. For the following reasons, I grant Old Dominion's unopposed motion.

I.  Background[1]

  This case arises from a car accident that occurred on April 13, 2023. *See* ECF No. 1-2 at ¶ 5. Defendant Old Dominion was the owner of the vehicle that defendant Sanchez was operating at the time of the accident. *Id.* at ¶ 8. As set forth in the complaint, on or about April 13, 2023, Smith was travelling northbound on I-15 south of US-95 when Sanchez made an unsafe lane change and collided into Smith's vehicle. *Id.* at ¶ 10. Sanchez allegedly failed to pay full attention while driving, failed to observe the road closure in front of him, and failed to reduce his speed. *Id.* at ¶¶ 11–12.

---

[1] Unless otherwise noted, the court only cites to Smith's complaint (ECF No. 1-2) to provide context to this action, not to indicate a finding of fact.

In turn, Smith filed a complaint in the Eighth Judicial District Court, Clark County, Nevada, on April 4, 2024, asserting four causes of action: negligence and negligence per se against Sanchez, and negligent and reckless hiring, training, supervision, and retention, and negligent and reckless entrustment against Old Dominion. *See generally* ECF No. 1-2. Smith asserts that as a direct and proximate result of Old Dominion's negligence, he sustained severe bodily injuries and suffers physical and mental pain. *Id.* at ¶¶ 31–34.

Sanchez removed this action on April 19, 2024. *See* Pet. Removal, ECF No. 1. Old Dominion now moves for summary judgment as to both claims brought against them by Smith. Mot., ECF No. 16. Old Dominion asserts that the undisputed facts show that Smith failed to establish the requisite elements of his claims. *Id.* at 5.

## II.   Legal standard

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmovant, indicates "no genuine dispute as to any material fact" and that "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit" based on the governing law, and a dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "mere disagreement or the bald assertion that a genuine issue of material fact exists" is not enough to defeat summary judgment. *Harper v. Wallingford*, 877 F.2d 728, 731 (9th Cir. 1989).

Because the plaintiffs bear the burden of proof at trial, a moving defendant need only point to an absence of evidence on an element of the plaintiffs' case. *Musick v. Burke*, 913 F.2d 1390, 1394 (9th Cir. 1990). Once the moving party satisfies Rule 56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250–51. "To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial." *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d

989, 992 (9th Cir. 2018); *Galen v. Cnty. of L.A.*, 477 F.3d 652, 658 (9th Cir. 2007). The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists." *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991).

District courts may grant an unopposed motion for summary judgment if the movant's papers sufficiently support the motion and do not present on their face a genuine issue of material fact. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). The failure to oppose a motion for summary judgment does not permit the court to enter summary judgment by default, but the lack of a response is not without consequences. *Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013). As Fed. R. Civ. P. 56(e) explains, "[i]f a party fails . . . to properly address another party's assertion of fact[,] . . . the court may . . . consider the fact undisputed for purposes of the motion" and "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(2), (3); *Heinemann*, 731 F.3d at 917. But the nonmoving party's failure to respond does not absolve the moving party from its affirmative duty to demonstrate that it is entitled to judgment as a matter of law. *Martinez v. Stanford*, 323 F.3d 1178, 1182–83 (9th Cir. 2003).

### III. Discussion

In its motion, Old Dominion argues that there is no genuine dispute as to any material fact, so it is entitled to judgment in its favor. ECF No. 16 at 5. I agree.

**A. Smith has not presented evidence that Old Dominion was negligent in its hiring, supervision, training, or retention of Sanchez so Old Dominion's motion for summary judgment as to these claims is granted.**

Nevada courts recognize two separate torts—one for negligent hiring and another for negligent training, supervision, and retention—but not one that merges them together. *See Vaughan v. Harrah's Las Vegas, Inc.*, 238 P.3d 863 (Nev. 2008) (separately analyzing a negligent-hiring claim and one for negligent training, supervision, and retention). Moreover, the court is unaware of a claim asserting "reckless" training, supervision, or retention, and Smith did not

respond to the motion so he fails to provide any authority to support these allegations. Accordingly, I decline to analyze the "reckless" claim and only analyze these claims separately as negligence claims.

### 1. *Negligent hiring*

"The tort of negligent hiring imposes a general duty on the employer to conduct a reasonable background check on a potential employee to ensure that the employee is fit for the position." *Hall v. SSF.*, 930 P.2d 94, 98 (Nev. 1996) (quoting *Burnett v. C.B.A. Sec. Serv.*, 820 P.2d 750, 752 (Nev. 1991)). "An employer breaches this duty when it hires an employee even though the employer knew, or should have known, of that employee's dangerous propensities." *Hall*, 930 P.2d at 98 (quoting *Kelly v. Baker Protective Servs., Inc.*, 401 S.E.2d 585, 586 (Ga. Ct. App. 1991)).

Smith alleges Old Dominion's conduct "constituted a breach of its duty to exercise reasonable care in hiring [Sanchez]." ECF No. 1-2 at ¶ 30. Old Dominion asserts that Smith fails to provide this court with any facts indicating that it negligently hired Sanchez, and that during the course of discovery, Smith failed to produce any specific evidence to support the conclusory allegations in the complaint. ECF No. 16 at 5–6. Old Dominion provides evidence that Sanchez had a valid Class A Commercial Driver's License showing he was properly licensed[2] to drive the vehicle at issue at the time the accident occurred, so without more, there is no evidence to suggest, much less prove, that Sanchez was improperly hired. Old Dominion further argues that Smith fails to prove that it "failed to conduct a reasonable background check" on Sanchez. *Vinci v. Las Vegas Sands, Inc.*, 984 P.2d 750, 751 (Nev. 1999) (citing *Hall*, 930 P.2d at 98). Indeed, Smith does not even mention hiring practices at all in his complaint.

Because Smith failed to respond to the summary judgment motion, there is no evidence showing that Old Dominion was negligent when it hired Sanchez, nor that it knew or should have known that Sanchez had dangerous propensities. So I grant Old Dominion's motion on the negligent hiring portion of Smith's claim.

---

[2] *See* Def.'s Ex. B, ECF No. 16-2 at 6.

### 2. *Negligent training, supervision, and retention*

The record is similarly devoid of facts to support Smith's negligent training, supervision, and retention claim. In Nevada, the elements of a claim for negligent training, supervision, or retention are: "(1) a general duty on the employer to use reasonable care in the training, supervision, and retention of employees to ensure that they are fit for their positions, (2) breach, (3) injury, and (4) causation." *Lambey v. Nev. ex rel. HHS*, 2008 U.S. Dist. LEXIS 51155, at *9 (D. Nev. July 3, 2008) (citing *Hall*, 930 P.2d at 98, for duty and breach elements and *Jespersen v. Harrah's Operating Co.*, 280 F. Supp. 2d 1189, 1195 (D. Nev. 2002), for elements of injury and causation).

Here, Smith does not provide any support in his allegations that Old Dominion negligently trained, supervised, or retained Sanchez. *See generally* ECF No. 1-2 at 8. Rather, the complaint merely alleges that as a "direct and proximate result" of Old Dominion's negligent training, supervision, control and retention of Sanchez, Smith sustained several injuries and may suffer future physical and mental pain and anguish. ECF No. 1-2 at ¶¶ 31–33.

To survive a motion for summary judgment, Smith must offer *evidence* that the employer violated its duty. *Colquhoun v. BHC Montevista Hosp., Inc.*, 2010 WL 2346607, at *3 (D. Nev. June 9, 2010) (citing *Burnett*, 820 P.2d at 750). Again, because Smith did not file a response to the motion for summary judgment, there is no evidence to support Smith's negligent training, supervision, and retention claim. Consequently, there are no outstanding genuine issues of material fact showing Old Dominion failed to use reasonable care in the training, supervision, and retention of Sanchez, so Old Dominion's motion for summary judgment on this claim is granted.

**B. Smith fails to show there are any genuine issues of fact as to the negligent entrustment claim, so the defendant's motion for summary judgment on this claim is granted.**

Smith asserts in his complaint that Old Dominion breached its duty to exercise reasonable care by entrusting Sanchez to operate the vehicle that allegedly crashed into him. *See*

ECF No. 1-2 at ¶ 37. Moreover, Smith alleges that as a direct and proximate result of Old Dominion's entrustment, he sustained severe bodily injuries. *Id.* at ¶ 38.

To show negligent entrustment, Smith must show that Old Dominion "knowingly entrusted a vehicle to 'an inexperienced or incompetent person' causing the injured party's damages." *See Terrel v. Central Washington Asphalt, Inc.*, 168 F. Supp. 3d 1302, 1310 (D. Nev. 2016) (citing *Zugel by Zugel v. Miller*, 688 P.2d 310, 312 (Nev. 1984)).

Old Dominion argues that Smith fails to establish the requisite elements of his claim, and that Smith has not provided any evidence to support his allegations that Sanchez was incompetent or unqualified to operate a tractor-trailer, so this claim fails. ECF No. 16 at 8. I agree. Smith did not respond to the summary judgment motion, and his allegations alone are insufficient to create "a genuine issue for trial." *Anderson*, 477 U.S. at 256. Consequently, I grant Old Dominion's motion for partial summary judgment as to Smith's negligent entrustment claim.

IV.     Conclusion

IT IS HEREBY ORDERED that Old Dominion's motion for partial summary judgment **[ECF No. 16] is GRANTED.** Old Dominion is dismissed. The Clerk of Court is kindly directed to enter judgment in favor of Old Dominion on claims three and four.

IT IS FURTHER ORDERED that the parties must confer and submit a proposed joint pretrial order that complies with Local Rules 16-3 and 16-4 by December 24, 2025.

Dated: November 25, 2025

_____
Cristina D. Silva
United States District Judge